## CIRCUIT COURT OF CAROLINE COUNTY

Alexander Long

v.

Town of Port Royal et al.

January 14, 1991

Case Nos. CH90-91 and CH90-113

By JUDGE WILLIAM H. LEDBETTER, JR.

In these separate but related declaratory judgment suits, the defendants (herein referred to collectively as "the Town") have filed demurrers. Arguments were heard on December 4, 1990, and this opinion addresses the issues raised in the pleadings in both cases.

When considering a demurrer, the court accepts as true all properly pleaded material facts and fair inferences from the facts alleged. *See Elliott v. Shore Shop, Inc.,* 238 Va. 237 (1989). Consistent with that principle, the facts recited here are taken from the petitions and attachments.

As a result of this court's rulings, in *Alexander*

*Long v. Town of Port Royal, et al.*, (# 87-C-9), the Town adopted a comprehensive land use plan on May 23, 1988. Pursuant to that plan, the Town decided to adopt a zoning ordinance. Notice was published of a joint hearing before the planning commission and town council on May 21, 1990, for consideration of the proposed ordinance.

On May 21, 1990, the commission and council conducted a joint public hearing. The proposed zoning ordinance was not adopted; in fact, possible changes were discussed and the meeting was continued.

On May 29, 1990, the commission met and made changes in the proposed ordinance.

On June 4, 1990, the commission and council held another joint meeting, treating the session as a reconvening of the May 21, 1990, joint meeting. The commission deadlocked 2-2 on a vote to recommend the reworked proposal to council. Nonetheless, the proposed ordinance was handed over to council, and council proceeded to adopt it.

On June 18, 1990, the mayor of the Town told council that the planning commission should have made a formal recommendation on the proposed ordinance and that the commission's failure to do that on June 4 was a "procedural defect" that needed to be cured.

The planning commission met on July 9, 1990, and voted to recommend adoption of the proposed zoning ordinance.

On July 16, 1990, council met again and voted to enact the ordinance.

### Petitioner's Complaints

Mr. Long's first petition, containing two counts, contends that the zoning ordinance is void for three reasons: first, no additional notice was given following the published notice of the joint meeting held on May 21, 1990; second, the notice failed to meet the requirements of Virginia Code § 15.1-493; and third, no consideration was given to conservation of natural resources or historic preservation as required by Virginia Code § 15.1-490.

The second petition, containing one count, is in response to the Town's objection to ripeness in the first suit. At the time Mr. Long instituted the first suit, the ordinance was before the planning commission for a "formal" recommendation to council and had not been readopted. The second suit, then, cures the "ripeness" issue but otherwise adds nothing material to a determination of the issues to be decided.

In addition to the "ripeness" objection, the Town's demurrers say that Long's petitions do not state a cause of action upon which relief can be granted because as a matter of law, the Town complied with the applicable statutes in adopting the ordinance.

### Additional Notices

The only notice ever published regarding the adoption of the ordinance was the one that preceded the May 21, 1990, joint meeting. No further advertisements or public pronouncements were issued except the remarks about future sessions made by officials at the meeting.

The adoption of a comprehensive zoning ordinance is a legislative matter. Unlike the usual legislative hearing, however, notice and public hearing on a proposed zoning ordinance are required by the enabling statutes. It follows that the notice and hearing requirements are mandatory, and an ordinance adopted without proper notice and hearing is absolutely void. 82 Am. Jur. 2d, *Zoning and Planning*, §§ 48 *et seq.*; 1 Anderson, American Law of Zoning (3rd ed. 1986) § 4.11.

Under Virginia's enabling statutes, the planning commission must hold at least one public hearing on the proposed ordinance before it presents its recommendations to the governing body, and the governing body must hold at least one public hearing before it adopts the ordinance. Virginia Code § 15.1-493(A) and (C). These public hearings may be consolidated into one joint hearing of the commission and governing body after a concurrent public notice. Virginia Code § 15.1-431.

The public hearings, or joint public hearing, must be preceded by published notice, specifying the time and place of hearing at which persons affected may appear and present their views. Virginia Code § 15.1-431.

According to the petitions, notice of the May 21, 1990, joint public hearing was published. No action was taken at that meeting because changes and "refinements" were desired. When the commission and council reconvened on June 4, 1990, no additional or further public notice was given. (It was at that meeting that the commission deadlocked 2-2 and could make no recommendation on the proposed ordinance. It was also at that meeting that council adopted the ordinance, an action which was retracted and redone on July 9, 1990, after the commission made its recommendation.)

Assuming that the notice of the initial meeting on May 21, 1990, was proper, were additional public notices required for the series of subsequent meetings that eventually led to the adoption of the ordinance on July 9, 1990?

Virginia Code § 15.1-493(A) provides that the planning commission shall hold at least one public hearing, after proper notice, "*and may make appropriate change* in the proposed ordinance . . . *as a result of such hearing. Upon completion of its work,* the commission shall present the proposed ordinance . . . to the governing body together with its recommendations and appropriate explanatory materials." (Emphasis added.) Similarly, Virginia Code Section 15.1-493(C) provides that the governing body shall hold at least one public hearing "*after which the governing body may make appropriate changes or corrections* in the ordinance . . . ." (Emphasis added.)

Clearly, these provisions of the enabling legislation do not require new notices for every change, modification, refinement, or correction that may be considered by the planning commission or the governing body during the adoption process. The reason for the quoted language is obvious: after receiving public input, these public bodies must be permitted to go to work to consider, debate, and decide among the varying and often contradictory views that have been expressed, as well as the recommendations of professional planners and consultants. Decision-making in the legislative sphere is usually a process, not an isolated event. To compel these public bodies to go through additional public notices and hearings at each step of that process would be an absurdity; the legislative process would grind to a standstill.

Nevertheless, there are limits to the sorts of changes and revisions that a public body may make to a proposed zoning ordinance subsequent to notice and public hearing. If the change is so fundamental that the proposal is no longer within the reach of the notice, leading authorities agree that a new notice and hearing are necessary. 82 Am. Jur. 2d, *Zoning and Planning* § 52; 1 Anderson, American Law of Rezoning (3rd ed. 1986) § 4.15. Virginia's statutory provisions must be construed in that light. While changes and corrections may be made during the process of adopting the zoning ordinance, such changes cannot be so substantial and fundamental as to constitute a new and different proposal without further notice and hearings.

Applying these principles to the petitions filed here, it is apparent that Long has not alleged sufficient facts to enable a court to entertain his claim that the Town's zoning ordinance is void for the reason that the ordinance adopted is fundamentally different from the one advertised. The petitions refer to "changes" and "refinements" and at one point describe the revisions as "substantial changes," but nowhere do the petitions recite facts to support these conclusionary statements.

Accordingly, for the reasons stated, the demurrer will be sustained.

### Individualized Notice

Long contends that the public hearing required by Virginia Code § 15.1-493 must be preceded by individual notice to affected landowners, in addition to the published notice.

Virginia Code § 15.1-431 prescribes the manner of notice to be given prior to adoption of zoning ordinances and amendments. The second paragraph of the statute requires publication once a week for two successive weeks not less than six nor more than twenty-one days before the hearing. This provision applies to the initial adoption of a comprehensive zoning ordinance. The third and fourth paragraphs of the statute, which require individual notice to affected landowners, concern *amendments* that affect particular parcels or groups of parcels.

Because the individual notice requirements of Section

15.1-431, to which Long refers, do not apply to the circumstances presented here, the demurrer will be sustained.

### Consideration of Zoning Objectives

The purposes of zoning ordinances are set out in ten numbered paragraphs in Virginia Code § 15.1-489. That statute provides that a zoning ordinance "shall be designed to give reasonable consideration" to the protection of historic areas and the preservation of lands of significance for the protection of the natural environment, among other things.

Long contends that the zoning ordinance adopted by the Town does not give "reasonable consideration" to these objectives. The Town contends, in essence, that zoning is discretionary and that a governing body's proper consideration of the purposes enumerated in § 15.1-489 is a subject beyond the court's authority. The court rejects both contentions.

The language in § 15.1-489 is mandatory. Local jurisdictions have no authority to adopt zoning ordinances except as prescribed in the enabling legislation. The enabling legislation mandates that a zoning ordinance "give reasonable consideration" to ten purposes or objectives. Whether a locality has complied with the requirements of this statute is subject to judicial review.

On the other hand, judges have no authority to inject themselves into zoning process such that they substitute their judgments and personal preferences for those of local legislators. The judiciary is not empowered to peruse zoning ordinances for the purpose of defining the *adequacy* of provisions related to protection of historic areas, preservation of natural resources, traffic congestion, affordable housing, and the like.

Given the traditional scope of legislative prerogative versus judicial review, the proper balance is reached by construing § 15.1-489 in a common sense fashion. In this context, courts act to prevent an arbitrary and capricious use of the police power. *See, e.g., Board of Supervisors v. Carper*, 200 Va. 653 (1959); *Board of Supervisors v. Rowe*, 216 Va. 128 (1975). Where the governing body fails or refuses to engage in a balancing of interests, as applied to the community, a court may appropriately

determine that the ordinance violates the enabling provisions of § 15.1-489.

Here, Long provided no facts in support of his contention that the Town's zoning ordinance violates § 15.1-489. To say simply that the ordinance is not in compliance with § 15.1-489 is not enough. Accordingly, the demurrer will be sustained.

## Conclusion

The demurrer in each case will be sustained for the reasons explained above. Except for the claim related to lack of individual notice to landowners, Long will be granted leave to amend his petitions, or either of them, if he be so advised, within twenty-one days of the entry of the order.